IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA F. LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-1186-D |
| | ) |
| FAIRFAX GOLF, LLC, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion challenges the sufficiency of Plaintiff's Complaint to state a Title VII claim of gender discrimination based on allegations of sexual harassment.[1] Plaintiff has filed both a timely response to the Motion and an Amended Complaint.[2] This amendment supersedes Plaintiff's original pleading and renders it of no legal effect. *See Davis v. TXO Prod. Corp.*. 929 F.2d 1515, 1517 (10th Cir. 1991); *see also Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007); *Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006). Accordingly, Defendant's Motion directed at the Complaint is moot.[3]

---

[1] Although Defendant argues, in part, that Plaintiff has failed to allege administrative exhaustion of this claim (a jurisdictional prerequisite to suit), Defendant challenges the sufficiency and timeliness of Plaintiff's EEOC charge. While administrative exhaustion may be jurisdictional, "Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite." *Montes v. Vail Clinic, Inc*., 497 F.3d 1160, 1167 (10th Cir. 2007).

[2] A plaintiff may amend as a matter of right within 21 days after service of a Rule 12(b) motion.

[3] Defendant has renewed its arguments in a motion for partial dismissal of the Amended Complaint, which will be addressed after Plaintiff responds in the usual time.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 12] is DENIED as moot.

IT IS SO ORDERED this  29th  day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE