IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA F. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1186-D |
| | ) | |
| FAIRFAX GOLF, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 16], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion challenges the sufficiency of Plaintiff's Amended Complaint to state a claim of gender discrimination under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*., based on allegations of a sexually hostile work environment.[1] Plaintiff has filed a timely response to the Motion, and Defendant has replied. The Motion is thus fully briefed and at issue.

As pertinent to the Motion, Plaintiff asserts in her Amended Complaint that she was subjected to a hostile work environment created by sexual harassment she experienced shortly after she began work, and by reports she received from two subordinate employees of similar sexual harassment by the same individual, a co-owner of the company. The Amended Complaint states: "Plaintiff exhausted her administrative remedies by timely filing

---

[1] Plaintiff is a former employee of Defendant who also asserts a retaliatory discharge claim, and she seeks relief under both Title VII and state law. Only Plaintiff's Title VII claim of sexual harassment/hostile work environment is challenged by Defendant's Motion.

a charge of discrimination on or about March 27, 2015. The EEOC issued Plaintiff's right to sue letter for her charge on or about August 19, 2015 . . ." *See* Am. Compl. [Doc No. 14], ¶ 19. Plaintiff filed suit less than 90 days later on October 20, 2015.

Defendant asserts in its Motion that Plaintiff has not exhausted the administrative remedies for her sexual harassment or hostile work environment claim. In support of this assertion, Defendant mounts a two-pronged attack, challenging a) the timeliness and b) the sufficiency of Plaintiff's EEOC charge to preserve her sex discrimination claim for suit. Thus here, as in *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014), *cert. granted on other grounds*, 135 S. Ct. 1892 (2015), "[t]wo components of the exhaustion requirement are at issue."

Regarding the content of an EEOC charge and whether it establishes administrative exhaustion for the claim asserted, "a Title VII plaintiff must show that the claim is within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." *Id*. (citing *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). "Thus, 'the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.'" *Id*. (quoting *Jones*, 502 F.3d at 1186). "In this circuit the failure to comply with [this] component of exhaustion deprives the court of jurisdiction" and may properly be raised by motion under Rule 12(b)(1). *See id*. (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996)); *see also Gad v. Kans. State Univ*., 787 F.3d 1032, 1036 (10th Cir. 2015).

"[T]he timeliness of an administrative claim, although an exhaustion issue, is not jurisdictional." *Green*, 760 F.3d at 1140 (citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325, 1327 (10th Cir. 2002)); *see Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007) ("Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite"). However, "the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry." *Montes*, 497 F.3d at 1167 (citing 10th Cir. 2007) (citing *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)). A timely EEOC filing is "a condition precedent rather than an affirmative defense." *Id*. This issue may properly be raised by a motion to dismiss under Rule 12(b)(6).[2]

### Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). Where "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence."

---

[2] Even where an untimely filing constitutes an affirmative defense, it may properly be raised by motion under Rule 12(b)(6). "If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (internal quotation omitted).

3

*Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995). When deciding a jurisdictional issue of administrative exhaustion, "[t]he district court's consideration of the administrative pleadings when ruling on the Rule 12(b)(1) motion [is] proper." *See Green*, 760 F.3d at 1140.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. Consideration of a Rule 12(b)(6) motion is limited to the face of the complaint, but "'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

4

## Discussion

### A. Administrative Exhaustion of Plaintiff's Sex Discrimination Claim

Defendant contends the hostile work environment claim asserted in Plaintiff's Amended Complaint was not included in her EEOC charge, which alleges a single incident of verbal sexual harassment of Plaintiff by the owner of the company (J.W. Armstrong) on an unspecified date during her employment. Defendant also notes that the incident described in the Amended Complaint involved physical advances and touching by Mr. Armstrong rather than verbal sexual harassment.

As a matter of exhaustion, Defendant's argument is unpersuasive. Regardless whether Plaintiff described the alleged sexual harassment by Mr. Armstrong in the same terms in her EEOC charge and her Amended Complaint, an EEOC investigation into the alleged conduct could reasonably be expected to uncover the fact that it involved physical touching as well as verbal conduct, if that was the case. Also, the EEOC charge included Plaintiff's allegations that Mr. Armstrong had sexually harassed two other female employees in a similar manner. Regardless whether Plaintiff characterized the series of incidents as creating a hostile work environment, an administrative investigation into multiple instances of alleged similar conduct by Mr. Armstrong could reasonably be expected to consider whether a hostile work environment existed.

An EEOC charge is frequently filed by a claimant without counsel, as was the case here, and is not assessed like a pleading drafted by a lawyer. *See Green*, 760 F.3d at 1142.

Courts instead apply "the principle of liberal construction" to an EEOC charge. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004). "'[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (quoting 29 C.F.R. § 1601.12(b)) (emphasis added by the court). Accordingly, a claimant need not identify the precise legal theory underlying the claim. *See, e.g., id.* at 1196 (EEOC charge "simply used the wrong words, charging that [plaintiffs] were 'terminated' rather than 'not hired'" and was sufficient to exhaust failure-to-hire claim).

Under the circumstances presented in this case, the Court finds that Plaintiff's EEOC charge was sufficient to satisfy the requirement of administrative exhaustion for the sex discrimination claim now asserted.[3]

**B.      Timeliness of Administrative Filing for Plaintiff's Sex Discrimination Claim**

Defendant also contends the 300-day time limit to file an EEOC charge would not encompass sexual harassment that occurred shortly after Plaintiff began work, as alleged in the Amended Complaint, because Plaintiff states she was hired on March 1, 2014. Accepting the filing date of Plaintiff's EEOC charge as March 27, 2015, and calculating 300 days before that date, Defendant argues that Plaintiff cannot bring a sexual harassment or hostile work environment claim based on conduct occurring before May 31, 2014.

---

[3] In addition to the factual allegations contained in the EEOC charge, the charge was clearly marked to indicate the claimed discrimination was based on sex as well as retaliation.

Defendant's argument is misguided. A hostile work environment claim "cannot be said to occur on any particular day" but is "based on the cumulative effect of individual acts." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). As explained by the Supreme Court:

> A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id*. at 117. Thus, "[i]n order for the charge to be timely, the employee need only file a charge within . . . 300 days of any act that is part of the hostile work environment." *Id*. at 118.

In this case, assuming the allegations of the Amended Complaint are sufficient to state a hostile work environment claim, as discussed *infra*, the Court cannot say that Plaintiff's EEOC charge was untimely with regard to the claim. Plaintiff alleges that a hostile work environment was created by sexual harassment she experienced combined with sexual harassment experienced by other female employees involving the same manager. *See* Am. Compl. [Doc. No. 14], ¶ 15. The other incidents allegedly became known to Plaintiff in October and December of 2014, well within the 300-day filing period, and were included in Plaintiff's EEOC charge as part of the factual basis for her claim. Therefore, the Court finds that Plaintiff's hostile work environment claim should not be dismissed for failure to satisfy the condition precedent of a timely administrative filing.

**C.  Sufficiency of Plaintiff's Pleading to State a Hostile Work Environment Claim**

Finally, Defendant contends the factual allegations of the Amended Complaint fail to state a plausible claim of a sexually hostile work environment. Defendant argues that a single incident of sexual harassment of Plaintiff and mere reports of sexual harassment by two other female employees are insufficient to constitute a "hostile work environment" within the meaning of Title VII, which requires "a workplace 'permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *See* Def.'s Partial Mot. Dism. [Doc. No. 16], pp.6-7 (quoting *Morris v. City of Colorado Springs*, 666 F.3d 654 (10th Cir. 2012)). Plaintiff contends the Amended Complaint states sufficient facts to satisfy the notice pleading standard of Rule 8(a), and detailed allegations regarding the incidents of sexual harassment are not required, citing *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011); and lower court cases. *See* Pl.'s Resp. Br. [Doc. No. 20], pp.8-9.

The question raised by Defendant's challenge to the sufficiency of the Amended Complaint is "'not whether [Plaintiff] will ultimately prevail' on [her hostile work environment] claim, but whether [her] complaint was sufficient to cross the federal court's threshold." *Skinner*, 562 U.S. at 530-31 (citations omitted). The Tenth Circuit has stated regarding Title VII claims that "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action

8

help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Upon careful consideration of Plaintiff's Amended Complaint, the Court finds that it contains sufficient factual allegations, although barely, to state a plausible hostile work environment claim. According to the Tenth Circuit:

> The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic (in this case, [sex]); and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Asebedo v. Kans. State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014) (citing *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005)).[4] Here, Defendant challenges the sufficiency of Plaintiff's pleading only with regard to the fourth element of her claim.

The factual allegations of the First Amended Complaint, which are accepted as true, state that Plaintiff was subjected to sexual harassment by Mr. Armstrong shortly after she began work in March 2014 when he invited her to a purported "business dinner" to discuss future plans that might lead to a promotion but that actually involved a physical advance in which "Mr. Armstrong moved to sit close to Plaintiff on her side of the [restaurant] booth, and touched Plaintiff's leg." *See* Am. Compl. [Doc. No. 14], ¶ 7. Plaintiff rebuffed Mr. Armstrong. Approximately six months later, in October 2104, another female employee informed Plaintiff that she had been sexually harassed by Mr. Armstrong. An inference that

---

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

could reasonably be drawn from Plaintiff's allegations regarding this employee is that she, like Plaintiff, was relatively new at the time of the incident; the Amended Complaint states the employee "never returned to work and another employee was hired to replace her." *Id*. ¶ 11. A short time later, in December 2014, another newly hired employee informed Plaintiff that she too was being sexually harassed by Mr. Armstrong. Given Mr. Armstrong's position as an owner of the company and three similar incidents within a nine-month span of time that were serious enough for one employee to abandon her employment and for Plaintiff's complaints about them to result in her termination, Plaintiff's allegations plausibly suggest an entitlement to relief based on sexual harassment that was sufficiently severe or pervasive to alter a term or condition of employment and create an abusive working environment. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) ("incidents involving employees other than the plaintiff are relevant in establishing a generally hostile work environment"). In short, the First Amended Complaint "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555) (internal quotation omitted).

**Conclusion**

For these reasons, the Court finds that Plaintiff has shown administrative exhaustion of a timely Title VII claim of sex discrimination and that the Amended Complaint sufficiently states a plausible hostile work environment claim.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 3rd day of February, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE